BRODSKY & SMITH, LLC
Evan J. Smith (SBN 242352)
Two Bala Plaza, Suite 602
Bala Plaza, Suite 602
Telephone:     (610) 667-6200
Facsimile:     (610) 667-9029

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ELVA RAY LILLARD on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff | CLASS ACTION COMPLAINT |
| v. | DEMAND FOR JURY TRIAL |
| SUNFLOWER FARMERS MARKET, INC., | |
| Defendants. | |

Plaintiff, Elva Ray Lillard, by and through his attorneys, alleges the following based upon personal knowledge as to his own acts and his attorneys' investigation as to all other facts.

1.     Plaintiff seeks injunctive relief, attorneys' fees and costs pursuant to the Americans With Disabilities Act ("ADI"), 42 U.S.C. Section 12181, et seq., on behalf of a class of mobility impaired/wheelchair-bound persons who have patronized or would like to patronize the stores identified herein.

2.     Additionally, Plaintiff seeks attorneys' fees and costs, and minimum statutory damages on behalf of a Class of mobility impaired/wheelchair bound persons pursuant to the anti-discrimination state statute of Colorado, the Colorado Civil Rights Act, Colo. Rev. Stat Sec. 24-34-601, *et seq*. ("CCRA").

## **STATUTORY BACKGROUND**

3.     On July 26, 1990, Congress enacted the Americans With Disabilities Act of 1990, 42 U.S.C. Section 12101 et seq., (the "Act") establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities and privileges of, and access to, places of public accommodation.

4.     Congress explicitly stated that among the purposes of this Act were:

(a)     to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(b)     to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

(c)     to invoke the sweep of congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. Section 12101(b).

5.     Pursuant to 42 U.S.C. Section 12182 and 28 C.F.R. 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations at that place of public accommodation.

6.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if a defendants have ten (10) or fewer employees and gross receipts of $500,000.00 or less).  *See* 42 U.S.C. Section 12181 and 28 C.F.R. 36.508(a).

7.     Under the CCRA:

It is discriminatory practice and unlawful for a person, directly or indirectly, to refuse, withhold from, or deny to an individual

> or a group, because of disability …, the full and equal
> enjoyment of the goods, services, facilities, privileges,
> advantages, or accommodations of a place of public
> accommodation[.]

Colo. Rev. Stat. Section 24-34-601(1).

8.      Any person who violates section 601 above "shall forfeit and pay a sum of not less than fifty dollars nor more than five hundred dollars to the person aggrieved thereby …" Colo. Rev. Stat. Section 24-34-602(1).

9.      Defendant owns and operates the stores about which Plaintiff complains in this lawsuit.

10.     Defendant is liable for failing to comply with the CCRA.

11.     The CCRA is to be construed consistently with the ADA and other federal civil right statutes.  3 Colo. Code. Reg. 708.60.1(c).

12.     Despite an extended period of time in which to become compliant with the ADA and CCRA, and despite the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled, in ways that block them from equal access to and use of their public locations.

13.     As set forth in this Complaint, Defendant has violated the CCRA by denying individuals who use wheelchairs the full and equal enjoyment of the goods, facilities, services and accommodations of their stores.

## PARTIES AND STANDING

14.     Plaintiff, Elva Ray Lillard is a citizen of Colorado and resides in Centennial, CO.  He qualifies as an individual with disabilities as defined by the ADA.  Mr. Lillard suffers from L-3-4 fusion that has degenerated, causing him to have permanently lost the use of his legs, and thus requires a wheelchair to move about.  He has both been to and patronized Sunflower Farmers Markets stores, within the State of Colorado, and has experienced discrimination at such locations

CLASS ACTION COMPLAINT

as more fully set forth below.  Additionally, via information disseminated by his attorneys, he has obtained actual notice of accessibility violations at additional Sunflower Farmers Markets locations he has not visited, as set forth below.  While Mr. Lillard is being deterred from going to Sunflower Farmers Markets he does intend to return to Sunflower Farmers Markets, for the dual purpose of availing himself of the goods and services offered to the public at such locations, and to ensure that Sunflower Farmers Markets ceases evading their responsibilities under federal and state law.

15.   Plaintiff has been, and continues to be, adversely affected by Defendant's violations of the ADA and the laws of the State of Colorado.  Plaintiff has suffered direct and indirect injury as a result of the Defendant's actions and/or omissions as described herein.

16.   Plaintiff has reasonable grounds to believe that Defendant will continue to subject him, and other disabled individuals to discrimination in violation of the ADA and the laws of the State of Colorado, given that Defendant has failed to bring existing stores into compliance for over ten years and have allowed new stores to be constructed that were similarly out of compliance.

17.   Defendant, Sunflower Farmers Markets, Inc. ("Sunflower Farmers Markets" or the "Company"), upon information and belief, operates 35 full-service grocery stores located in Colorado, Arizona, New Mexico, Nevada, Utah, California, Texas and Oklahoma. This includes, at least, twelve (12) Sunflower Farmers Markets grocery stores in the state of Colorado.  Sunflower Farmers Markets is a Delaware corporation, which at all relevant times to this litigation, acted, or failed to act, by and through its officers, representatives, agents, workers and/or its employees.  Sunflower Farmers Markets corporate headquarters are located at 2585 Central Avenue, Suite 200, Boulder, CO 80301.

18.     On March 9, 2012, Phoenix-based Sprouts Farmers Market announced plans to merge with Sunflower Farmers Markets.  The merged company will have 139 stores in eight (8) states and annual sales of about $2 billion. Sunflower Markets maintains and records their patrons' personal information including their names, addresses, and email addresses through their membership program.

19.     Upon information and belief, Sunflower Farmers Markets owns and/or operates numerous places of public accommodation as defined by the ADA and the regulations implementing the ADA, 21 C.F.R. 36.201(a), throughout the State of Colorado.  Sunflower Farmers Markets is responsible for complying with the obligations of the ADA for each of the locations it owns and/or operates and is responsible for complying with the laws of the State of Colorado at the locations it owns and/or operates in Colorado.

## **JURISDICTION AND VENUE**

20.     This action primarily arises from violations of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq., as more fully set forth herein.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  Additionally, this Court has jurisdiction with respect to the claims arising from the CCRA anti-discrimination statute of the State of Colorado, pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

21.     Venue lies in this district as Defendant is found and/or does substantial business in this judicial district and a substantial part of the property that is the subject of the action is situated in this judicial district.  See 28 U.S.C. § 1391(b).

CLASS ACTION COMPLAINT

**CLASS ACTION ALLEGATIONS**

22.     Plaintiff seeks to maintain this action as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.  A Rule 23(b)(2) class is appropriate because the primary and predominating relief sought is injunctive.  Alternatively, to the extent a 23(b)(2) class would raise insurmountable due process concerns, Plaintiffs seek certification under Rule 23(b)(3).  The Class consists of all disabled individuals who are wheelchair-bound or use scooters for mobility who have patronized Sunflower Farmers Markets locations identified herein within three years from the date of the filing of this Complaint, and have been, were and/or are being denied the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of any of the locations identified herein, or have been deterred from patronizing said locations as a result of the knowledge of accessibility discrimination at Defendant's Colorado locations (the "Class").

23.     The Class is believed to consist of thousands of members.  Upon information and belief, census statistics demonstrate that there are thousands of disabled Colorado residents who use wheelchairs.  The members of the Class are so numerous that joinder of all members is impracticable.

24.     Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting solely individual members of the Class.  Among the questions of law and fact common to the Class are:

> (a)     Whether Defendant's locations are "public accommodations" under the ADA;
>
> (b)     Whether Defendant's locations deny the full and equal enjoyment of their goods, services, programs, facilities, privileges, advantages, or accommodations, and full and equal access to their facilities to individuals with disabilities in violation of ADA;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(c)     Whether Defendant provides goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities in an integrated setting;

(d)     Whether Defendant's locations have made reasonable modifications in policies, practices, and procedures when such modifications are necessary to afford such goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities;

(e)     Whether Defendant has failed to take steps to ensure that individuals with disabilities are not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

(f)     Whether Defendant has failed to remove architectural and communication barriers in existing retail stores, where such removal is readily achievable and technically feasible, or have failed to make such goods, services, programs, facilities, privileges, advantages, or accommodations available through alternative methods, if removal of the barriers is not readily achievable or technically feasible;

(g)     Whether violations of the ADA also constitute per se violations of the CCRA.  Col. Rev. Stat. Section 24-34-601 *et seq.*;

(h)     Whether Defendant has violated and/or continue to violate the state anti-discrimination statutes identified above by denying equal access to disabled persons at places of public accommodation;

(i)     Whether the state anti-discrimination statue identified above provides for a private right of action;

(j)     Whether the state anti-discrimination statue identified above provides for injunctive relief; and

(k)     Whether the state anti-discrimination statute identified above provides for minimum statutory deterrence damages.

25.     Plaintiff's claims are typical of the claims of the members of the Class, as Plaintiff and members of the Class sustained and continue to sustain

injuries arising out of the Defendant's conduct or omissions in violation of federal and state law as complained of herein. Plaintiff, like all other members of the Class, claim that Defendant has violated the ADA by failing to make their locations accessible to individuals with disabilities and by excluding the Plaintiff, and other similarly situated persons, from full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of Defendant's locations, and subjecting the Plaintiff to discrimination by failing to provide their facilities and other goods, services, programs, facilities, privileges, advantages or accommodations to the Plaintiff, as well as other similarly situated persons.

26. Plaintiff will fairly and adequately protect the interests of the members of the Class, and have retained counsel competent and experienced in class action litigation. Plaintiff has no interests antagonistic to, or in conflict with, those of the Class.

27. This action may be maintained as a class action pursuant to Rule 23(b)(2), because Defendant violated the ADA, by maintaining barriers to accessibility and discriminating on the basis of disabilities, in a manner harmful to all members of the Class. Requiring Defendant to comply with the ADA is appropriate, and the primary and predominating relief sought is injunctive relief.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since joinder of all members is impracticable. Furthermore, because the damages suffered by the individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class individually to redress the wrongs done to them.

CLASS ACTION COMPLAINT

29.     There will be no difficulty in the management of this action as a class action.  Moreover, judicial economy will be served by the maintenance of this lawsuit as a class action, in that it is likely to avoid the burden which would be otherwise placed upon the judicial system by the filing of thousands of similar suits by disabled people across the State of Colorado.  There are no obstacles to effective and efficient management of this lawsuit as a class action.

## SUNFLOWER FARMERS MARKETS STORES OWNED/OPERATED BY DEFENDANT IN VIOLATION OF THE ADA

30.     Plaintiff Lillard has personally encountered barriers to equal access at Sunflower Farmers Markets.  On April 23, 2012, he patronized the Sunflower Farmers Markets located at 4700 W. 38th Ave., and suffered discrimination as a result of being denied full and equal access.  Specifically, that Sunflower Farmers Markets location did not have accessible parking or a fully accessible restroom. This resulted in the Plaintiff having to park in a non-handicapped accessible parking spot.  Then, Plaintiff had difficulty opening the men's restroom door because it was too heavy and upon entering the restroom, was unable to use the paper towel dispenser because it was mounted too high from the floor.  Plaintiff is being deterred from patronizing or returning to Sunflower Farmers Markets, but he intends to return to Sunflower Farmers Markets in the future for the dual purpose of patronizing and ensuring Sunflower Farmers Markets compliance with accessibility laws.

31.     On about April 24, 2012, Plaintiff, ***again***, personally encountered the same and/or similar barriers to equal access at the Sunflower Farmers Markets store located at 7725 Wadsworth Blvd., Arvada, CO.  Specifically, that Sunflower Farmers Markets location did not have accessible parking or a fully accessible restroom.  This resulted in Plaintiff having to park in a non-handicapped accessible parking spot.  Then, Plaintiff had difficulty opening the men's restroom door

CLASS ACTION COMPLAINT

because it was too heavy, and upon entering the restroom, was unable to use the urinal, and was unable to reach the toilet paper dispenser because it was mounted too far from the edge of the toilet seat.

32.     Plaintiff has retained attorneys to prosecute the claims alleged herein, who in turn, retained professional building experts to investigate, identify and document Defendant's discriminatory barriers.  Those investigations, which are still ongoing, has to date identified the locations listed below as being in serious violation of Federal and State law as a result of their violations of the CCRA governing the physical accessibility of public accommodations and/or the ADA which results in a violation of the CCRA.  This information has been disseminated to the Plaintiff providing him with actual notice of the violations at the locations listed below.

33.     Plaintiff has retained attorneys to prosecute the claims alleged herein, who in turn, retained professional building experts to investigate, identify and document Defendant's discriminatory barriers.  Those investigations, which are still ongoing, has to date identified the locations listed below as being in serious violation of Federal and State law as a result of their violations of the CCRA governing the physical accessibility of public accommodations and/or the ADA which results in a violation of the CCRA.  This information has been disseminated to the Plaintiff providing him with actual notice of the violations at Sunflower Farmers Markets' Colorado locations.  The following list describes Defendant's violations at those stores:

    1.     **2880 South Colorado Blvd, Denver, CO**

        **Violation 1**
There is no van accessible parking signage.  This is in violation of ADAAG – Section 4.6.4.

        **Violation 2**
The restroom toilet paper dispenser is not located on the side wall within 12" from the front edge of the toilet seat.  This is in

CLASS ACTION COMPLAINT

violation of ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 3**
The restroom does not provide proper floor space and is not compliant.  This is in violation of ADAAG - Section 4.23.3.

**Violation 4**
The restroom signage is not compliant.  This is in violation of ADAAG - Section 4.1.2.

**Violation 5**
The seat cover dispenser in the  restroom is 57" above the floor and is not compliant.
This is in violation of ADAAG - Section 4.23.7.

2. **2601 South Lemay Avenue, Fort Collins, CO**

**Violation 1**
There is not the required number of van accessible parking spaces.  This is in violation of ADAAG - Section 4.1.2.(5)(b).

**Violation 2**
There is no van accessible parking signage.  This is in violation of ADAAG- Section 4.6.4.

**Violation 3**
The van accessible parking spaces do not have accessible aisles. This is in violation of Title ADAAG - Section 4.6.3.

**Violation 4**
The center of the toilet or water closet is 17" from the wall and is not accessible.  This is in violation of ADAAG - Section 4.17.3.

**Violation 5**
The height of the toilet seat or water closet is 16" from the floor and is not compliant.  This is a violation of ADAAG – Section 4.16.3.

**Violation 6**
The toilet stall door hardware is not compliant.  This is a violation of ADAAG – Section 4.13.9.

**Violation 7**
The height of the urinal in the men's restroom is 18" and is not accessible.  This is in violation of ADAAG – Sections 4.18.2.

**Violation 8**
The lavatory hardware is not compliant.  This is in violation of ADAAG - Section 4.19.5.

**Violation 9**

The men's restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of ADAAG – Section 4.13.10.

**Violation 10**
The men's restroom signage is not compliant.  This is in violation of ADAAG - Section 4.1.2.

**Violation 11**
The soap dispenser in the restroom is 41" above the floor and is not compliant.  This is in violation of ADAAG - Section 4.23.7.

**Violation 12**
The coat hook provided is 61½" above the floor and is not compliant.  This is in violation of ADAAG - Section 4.35.5.

3.   **555  I  Street, Chula Vista, CA**

**Violation 1**
There is no van accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 2**
The restroom door force is 8 lbs. and is not accessible.  This is in violation of Title 24 Code 1133B.2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 3**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds.  This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

4.   **1131 East 120th Avenue, Thornton, CO**

**Violation 1**
There is not the required number of van accessible parking spaces.  This is in violation of ADAAG - Section 4.1.2(5)(b).

**Violation 2**
There is no van accessible parking signage.  This is in violation of ADAAG- Section 4.6.4.

**Violation 3**
The restroom door force is 10 lbs. and is not accessible.  This is in violation of ADAAG – Section 4.13.11(2)(b).

**Violation 4**
The toilet stall door hardware is not compliant.  This is a violation of ADAAG – Section 4.13.9.

**Violation 5**
The height of the urinal rim in the men's restroom is 17" from the floor and is not accessible.  This is a violation of ADAAG - Section 4.18.2.

CLASS ACTION COMPLAINT

**Violation 6**
The restroom door closer is not adjusted to allow the door to remain open for at least three (3) seconds.  This is a violation of ADAAG - Section 4.13.10.

**Violation 7**
The men's restroom signage is not compliant.  This is in violation of ADAAG - Section 4.1.2.

**Violation 8**
The paper towel dispenser in the restroom is 54" above the floor and is not compliant.  This is in violation of ADAAG - Section 4.23.7.

**Violation 9**
The coat hook provided is 65" above the floor and is not accessible.  This is in violation of ADAAG - Section 4.35.5.

5.      **4700 West 38th Avenue, Denver, CO**

**Violation 1**
There is no van accessible parking signage.  This is in violation of ADAAG- Section 4.6.4.

**Violation 2**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp.  This is in violation of ADAAG – Section 4.7.7.

**Violation 3**
The men's restroom door force is 7 lbs. and is not accessible. This is in violation of ADAAG - Section 4.13.11(2)(b).

**Violation 4**
The toilet stall door hardware is not compliant.  This is in violation of ADAAG - Section 4.13.9.

**Violation 5**
The restroom door closer is not adjusted to allow the door to remain open for at least three (3) seconds.  This is a violation of ADAAG - Section 4.13.10.

**Violation 6**
The restroom signage is not compliant.  This is in violation of ADAAG - Section 4.1.2.

**Violation 7**
The paper towel dispenser in the restroom is 56" above the floor and is not compliant.  This is in violation of ADAAG - Section 4.23.7.

CLASS ACTION COMPLAINT

6. **1980 East County Line Road, Highlands Ranch, CO**

**Violation 1**
The restroom door force is 8 lbs. and is not accessible.  This is in violation of ADAAG - Section 4.13.11(2)(b).

**Violation 2**
The restroom stall does not provide proper floor space and is not accessible.  This is in violation of ADAAG - Section 4.17.3.

**Violation 3**
The restroom door closer is not adjusted to allow the door to remain open for at least three (3) seconds.  This is a violation of ADAAG - Section 4.13.10.

**Violation 4**
The restroom signage is not compliant.  This is in violation of ADAAG - Section 4.1.2.

**Violation 5**
The paper towel dispenser in the restroom is 49" from the floor and is not accessible.  This is in violation of ADAAG - Section 4.23.7.

**Violation 6**
The soap dispenser in the restroom is 44" from the floor and is not accessible.  This is in violation of ADAAG - Section 4.23.7.

7. **555 West South Boulder Road, Lafayette, CO**

**Violation 1**
There is not the required number of van accessible parking spaces.  This is in violation of ADAAG - Section 4.1.2.(5)(b).

**Violation 2**
There is no van accessible parking signage.  This is in violation of ADAAG- Section 4.6.4.

**Violation 3**
The van accessible parking spaces do not have accessible aisles.  This is in violation of Title ADAAG - Section 4.6.3.

**Violation 4**
The restroom door force is 8 lbs. and is not accessible.  This is in violation of ADAAG – Section 4.13.11(2)(b).

**Violation 5**
The toilet stall door hardware is not compliant.  This is in violation of ADAAG - Section 4.13.9.

**Violation 6**
The urinal rim in the men's restroom is 19" from the floor and is not accessible.  This is in violation of ADAAG - Section 4.18.2.

CLASS ACTION COMPLAINT

**Violation 7**
The restroom signage is not compliant.  This is in violation of ADAAG - Section 4.1.2.

**Violation 8**
The soap dispenser in the restroom is 41" from the floor and is not accessible.  This is in violation of ADAAG - Section 4.23.7.

**Violation 9**
The seat cover dispenser in the restroom is 48" from the floor and is not accessible.  This is in violation of ADAAG - Section 4.23.7.

**Violation 10**
The paper towel dispenser in the restroom is 45" from the floor and is not accessible.  This is in violation of ADAAG - Section 4.23.7.

**Violation 11**
The coat hook provided is 48" above the floor and is not accessible.  This is in violation of ADAAG - Section 4.35.5.

8.    **2525 Arapahoe Avenue, Boulder, CO**

**Violation 1**
There is no van accessible parking signage.  This is in violation of ADAAG – Section 4.5.4.

**Violation 2**
The center of the toilet or water closet in the restroom is 19½" from the wall and is not accessible.  This is in violation of ADAAG – Section 4.17.3.

**Violation 3**
The restroom door force is 8 lbs. and is not accessible.  This is in violation of ADAAG – Section 4.13.11(2)(b).

**Violation 4**
The toilet stall door hardware is not compliant.  This is in violation of ADAAG - Section 4.13.9.

**Violation 5**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds.  This is in violation of ADAAG – Section 4.13.10.

**Violation 6**
The restroom signage is not compliant.  This is in violation of ADAAG - Section 4.1.2.

**Violation 7**
The soap dispenser in the men's restroom is 50" from the floor and is not accessible.  This is in violation of ADAAG - Section 4.23.7.

CLASS ACTION COMPLAINT

**Violation 8**
The paper towel dispenser in the restroom is 45" from the floor and is not accessible.  This is in violation of ADAAG - Section 4.23.7.

**Violation 9**
The coat hook provided is 53" above the floor and is not accessible.  This is in violation of ADAAG - Section 4.35.5.

9.    **8557 East Arapahoe Road, Greenwood Village, CO**

**Violation 1**
The center of the toilet or water closet in the restroom is 19" from the wall and is not accessible.  This is in violation of ADAAG – Section 4.17.3.

**Violation 2**
The restroom door force is 7 lbs. and is not accessible.  This is in violation of ADAAG – Section 4.13.11(2)(b).

**Violation 3**
The toilet stall door hardware is not compliant.  This is in violation of ADAAG - Section 4.13.9.

**Violation 4**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds.  This is in violation of ADAAG – Section 4.13.10.

**Violation 5**
The restroom signage is not compliant.  This is in violation of ADAAG - Section 4.1.2.

**Violation 6**
The paper towel dispenser in the restroom is 43" from the floor and is not accessible.  This is in violation of ADAAG - Section 4.23.7.

**Violation 7**
The seat cover dispenser in the restroom is 47" from the floor and is not accessible.  This is in violation of ADAAG - Section 4.23.7.

**Violation 8**
The sanitizer dispenser in the restroom is 43" from the floor and is not accessible.  This is in violation of ADAAG - Section 4.23.7.

10.    **1730 Dublin Blvd, Colorado Springs, CO**

**Violation 1**

CLASS ACTION COMPLAINT

There is no van accessible parking signage.  This is in violation of ADAAG – Section 4.6.4.

**Violation 2**
The pipes under the lavatory are not covered.  This is in violation of ADAAG – Section 4.19.4.

**Violation 3**
The center of the toilet or water closet is 17" from the wall and is not  accessible.  This is in violation of ADAAG – Section 4.17.3.

**Violation 4**
The toilet stall door hardware is not compliant.  This is in violation of ADAAG – Section 4.13.9.

**Violation 5**
The urinal rim height is 23" and is not compliant.  This is in violation of ADAAG – Section 4.18.2.

**Violation 6**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds.  This is in violation of ADAAG – Section 4.13.10.

**Violation 7**
The restroom signage is not compliant.  This is in violation of ADAAG - Section 4.1.2.

**Violation 8**
The towels in the restroom is located 53" above the floor.  This is in violation of ADAAG – Section 4.23.7.

**Violation 9**
The dressing/fitting room does not provide clothing hooks that are located a maximum of 48" from the floor.  This is in violation of ADAAG – Section 4.35.5.

11.    **15405 E. Briarwood Circle, Aurora, CO**

**Violation 1**
The center of the toilet or water closet is 20" from the wall and is not accessible.  This is in violation of ADAAG – Section 4.17.3.

**Violation 2**
The restroom door force is 9 lbs. and is not accessible.  This is in violation of ADAAG – Section 4.13.11(2)(b).

**Violation 3**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds.  This is in violation of ADAAG – Section 4.13.10.

**Violation 5**

CLASS ACTION COMPLAINT

The restroom signage is not compliant.  This is in violation of ADAAG - Section 4.1.2.

12.   **8601 W. Cross Dr., Littleton, CO**

**Violation 1**
There is no van accessible parking signage.  This is in violation of ADAAG – Section 4.6.4.

**Violation 2**
The van accessible parking spaces do not have accessible aisles. This is in violation of ADAAG – Section 4.6.3.

**Violation 3**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp.  This is in violation of ADAAG – Section 4.7.7.

**Violation 4**
The restroom door force is over 5 lbs. and is not accessible. This is in violation of ADAAG – Section 4.13.11(2)(b).

**Violation 5**
The restroom signage is not compliant.  This is in violation of ADAAG - Section 4.1.2.

**Violation 6**
The paper towel dispenser in the restroom is 43" from the floor and is not accessible.  This is in violation of ADAAG - Section 4.23.7.

**Violation 7**
The sanitizer dispenser in the restroom is 43" from the floor and is not accessible.  This is in violation of ADAAG - Section 4.23.7.

34.   The discriminatory violations described above are not an exclusive or exhaustive list of the Defendant's accessibility barriers, and, upon information and belief, there are other miscellaneous violations of both the CCRA and the ADA in Defendant's facilities.

35.   The correction of these violations is readily achievable, or Defendant is obligated to have its places of public accommodation readily accessible as defined by both the ADA and the CCRA.

36.   To date, barriers and other violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions

of the CCRA or the ADA.  The effect of Defendant's failure to comply with these standards or regulations is that Defendant's have discriminated against disabled persons by denying them the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of the Defendant's locations.

37.    As a result of that failure to remedy existing barriers to accessibility, the Plaintiff and others similarly situated have been denied access to the benefits of the goods, services, programs, facilities, and activities of Defendant's stores, and have otherwise been discriminated against and have suffered damages caused by Defendant's accessibility violations.  Unless Defendant's locations are brought into compliance, said persons will continue to suffer injury in the future.

## COUNT I

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

38.    Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.  This Count is brought on behalf of the Class against Defendant Sunflower Farmers Markets.

39.    Pursuant to 42 U.S.C. Section 12181(7) and 28 C.F.R. Section 36.104, Defendant owns and/or operate places of public accommodation, Sunflower Farmers Markets, comprising various facilities which provide goods and services to the general public.  All of Defendant's facilities are public accommodations and are covered by the ADA.

40.    Defendant has been and continues to be required to remove architectural barriers to the physically disabled where such removal is readily achievable for their places of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. Section 36.304(a); in the alternative, if there has been an alteration to any of Defendant's places of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible that

CLASS ACTION COMPLAINT

the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and, finally, if any of the Defendant's stores is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then such store must be readily accessible to and usable by individuals with disabilities as defined by the ADA.

41.     Appendix A to Part 36-Standards for Accessible Design (28 C.F.R. pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities.  These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal agencies, including the Department of Justice, under the ADA.

42.     Defendant has discriminated against Plaintiff, and others who are similarly situated, by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facilities in violation of 42 U.S.C. Section 12181 et seq. and 28 C.F.R. 36.302 et seq., as described below.

43.     Defendant has discriminated and is discriminating against Plaintiff and others similarly situated, in violation of the ADA, by failing to, *inter alia*, have accessible facilities, as by January 26, 1992.

44.     The correction of these violations of the ADA is readily achievable, or Defendant is obligated to have its places of public accommodation readily accessible as defined by the ADA.

45.     To date, barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.  The effect of Defendant's failure to comply with the ADA is that the Defendant has discriminated against disabled persons by denying them

the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of the Sunflower Farmers Markets stores.

46.     As a result of that failure to remedy existing barriers to accessibility, Plaintiff and others similarly situated have been denied access to, and the benefits of the goods, services, programs, facilities, and activities of Defendant's locations, and have otherwise been discriminated against and have suffered damages caused by Defendant's ADA violations.  Unless Defendant's Sunflower Farmers Markets stores are brought into compliance with the ADA, said persons will continue to suffer injury in the future.

47.     Plaintiff and others similarly situated, regularly enter and/or use Defendant's Sunflower Farmers Markets locations, would like to enter and/or use Defendant's Sunflower Farmers Markets locations, or may enter and/or use Defendant's Sunflower Farmers Markets locations in the future.

48.     In addition, the discriminatory features of Defendant's stores are generally known to the individual plaintiff, and others similarly situated, who are discouraged from patronizing Defendant's Sunflower Farmers Markets locations. Many either avoid the facilities because they are aware of the discriminatory barriers they will encounter there, or attend the locations with knowledge that their access to those facilities will be limited by virtue of Defendant's persistent and pervasive violations of the ADA.

49.     Plaintiff, and others similarly situated, was injured by the discrimination they encountered at Defendant's locations and/or continue to be injured by their inability to patronize Defendant's stores.  They have also been injured by the stigma of Defendant's discrimination.

50.     Plaintiff's injuries are traceable to Defendant's discriminatory conduct alleged herein and will be redressed by the relief requested.  Plaintiff and others

CLASS ACTION COMPLAINT

similarly situated have been injured and will continue to be injured by Defendant's failure to comply with the ADA and their continued acts of discrimination.

51.     Plaintiff has retained the undersigned counsel.  Plaintiff is entitled to recover his attorneys' fees, costs and expenses from the Defendants pursuant to 42 U.S.C. Section 12205 and 28 C.F.R. 36.505.

52.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992.  However, as stated more fully above, Plaintiff provided notice and an opportunity to cure before this litigation. All other conditions precedent have been met by Plaintiff or waived by Defendant.

53.     Plaintiff is without adequate remedy at law and is suffering irreparable harm.

54.     Pursuant to 42 U.S.C. Section 12188, this Court is provided authority to grant Plaintiff injunctive relief, including an Order to alter the Defendant's Sunflower Farmers Markets stores to make those stores readily accessible to Plaintiff and all other persons with disabilities as defined by the ADA or by closing the facilities, either temporarily or permanently, until such time as the Defendant cures its violations of the ADA.

## COUNT II

## VIOLATION OF THE CCRA

55.     Plaintiff re-alleges and incorporates by reference the remainder of the allegations set forth in this Complaint as if fully set forth herein.

56.     Under the CCRA,

It is discriminatory practice and unlawful for a person, directly or indirectly, to refuse, withhold from, or deny to an individual or a

CLASS ACTION COMPLAINT

group, because of disability …, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation[.]

Colo. Rev. Stat. Section 24-34-601(1).

57.    Any person who violates section 601 above "shall forfeit and pay a sum of not less than fifty dollars nor more than five hundred dollars to the person aggrieved thereby …"

Colo. Rev. Stat. Section 602(1).

58.    Defendant owns and operates the stores about which Plaintiff complains and this lawsuit.

59.    Defendant is liable for its failures to comply with the CCRA.

60.    The CCRA is to be construed consistently with the ADA and the other federal civil rights statutes.  3 Colo. Code. Reg. 708.60.1(c).

61.    As set forth in this Complaint, Defendant has violated the CCRA by denying individuals who use wheelchairs the full and equal enjoyment of the goods, facilities, services and accommodations of their stores.

62.    Defendant's violations of the CCRA have harmed Plaintiff and will continue to harm Plaintiff and will continue to do so unless the Court orders Defendant to comply therewith.

63.    Plaintiff has been damaged and will continue to be damaged by Defendant's violations of the CCRA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant and requests the following relief:

1.    That this Court assume jurisdiction.

2.    That this Court certify the Class identified above.

3.    That this Court certify Plaintiff as a representative of this class.

4.    That this Court declare Defendant to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 and the CCRA.

5.    That this Court issue an injunction ordering Defendant to comply with the statutes set forth herein.

6.    That this Court award statutory damages to Plaintiff and members of the proposed class for violations of their civil rights under state law.

7.    That this Court award Plaintiff's reasonable attorneys' fees and costs pursuant to federal and Colorado law.

8.    That this Court award such additional or alternative relief as may be just, proper and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial on all issues that are triable by jury.

Dated: June 7, 2012                    BRODSKY & SMITH, LLC

By:<u>*s/ Evan J. Smith*</u>
Evan J. Smith
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004
610-667-6200
610-667-9029 (fax)

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT