UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 12-cv-1497-JLK

**ELVA RAY LILLARD** on behalf of himself and all others similarly situated,

    Plaintiff,

v.

**SUNFLOWER FARMERS MARKET, INC.**

    Defendant.

---

ORDER GRANTING MOTION TO DISMISS

Kane, J.

Plaintiff Elva Ray Lillard is a wheelchair bound individual suffering from L-3-4 fusion that has caused him permanent immobility of the legs. Believing the accessibility of Sunflower Market grocery stores to be inadequate and unlawful with respect to the needs of a mobility impaired person, Plaintiff initiated this action, on behalf of himself and all others similarly situated, seeking equitable and injunctive relief under Title III of the Americans with Disabilities Act (ADA) 42 U.S.C. §12181 *et seq.*, as well as under several state law theories.

Defendant Sunflower Farmers Market moves to dismiss for lack of subject matter jurisdiction on the ground that Plaintiff failed to give notice of the alleged violations to the Colorado Civil Rights Coalition ("CCRC") thirty days before filing his complaint as required by the ADA. The failure to give notice is not contested. Plaintiff opposes the motion, arguing the ADA has no such notice requirement. I have previously addressed this very issue in *Howard v. Cherry Hills Cutters*, 935 F. Supp. 1148, 1149 (D. Colo. 1996), where I unequivocally held that the ADA requires putative plaintiffs to notify state authorities of the act or practices of which he

is complaining at least 30 days before filing suit.  Thus, Plaintiff essentially asks me to overturn myself and declare *Howard* wrongly decided.

Plaintiff introduces no binding authority, however, merely hoping I will find enlightenment in Ninth Circuit opinion *Botosan v. Paul McNally* Realty, 216 F.3d 826 (9th Cir. 2000), which is the only Circuit Court to have published an opinion holding that a plaintiff is ***not*** required to notify any state or local agency as a prerequisite to filing a private lawsuit under Title III.  I decline the invitation.

The plain language of 42 U.S.C. §12188 compels the construction I applied in *Howard.*[1] 42 U.S.C. §12188 states, "the *remedies and procedures* set forth in section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000a-3(a)) are the *remedies and procedures* of this title." (emphasis added).  Section 2000a-3(a) sets forth the *remedies* and authorizes aggrieved parties to commence a civil action for injunctive relief.  Section 2000a-3(c) sets forth the *procedure* for commencing a civil action and imposes a pre-suit notice requirement on claims for relief under §2000a-3.

If Congress intended only to incorporate the Civil Rights Act's remedies, and not procedures, it would have excluded the word "procedures" from 42 U.S.C. §12188. Accordingly, §2000a-3(a) is, in turn, limited by the notification requirement of §2000a-3(c), which provides, in cases where state or local law also prohibit the discriminatory acts or practices alleged, that individuals provide written notice to the appropriate state or local authorities at least 20 days before filing suit in federal court.  *See Spicer v. Auraria Campus*

---

[1] My disagreement with Ninth Circuit employment and discrimination law is nothing new or novel. Appellate courts frequently clash over these matters.  For example, the Tenth Circuit, unlike many other circuits, has held that administrative exhaustion is a jurisdictional prerequisite in Title VII and ADEA discrimination cases.  *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1302, 13178 (10th Cir. 2005); *McBride v. Citgo Petroleum Corp.*, 281 F.3d 1099, 1104 (10th Cir. 2002).

*Bookstore,* 2012 U.S. Dist. LEXIS 28295, *3-4(D.Colo. Mar. 5, 2012); *Jones v. Reg'l Transp Dist.*, 20120 U.S. Dist. LEXIS 95167, *2-3, 2010 WL 3341205 (D.Colo. Aug. 20, 2010).

Having been apprised of no binding authority requiring me to depart from my ruling in *Howard*, nor having found any compelling reasons to perform a *volte-face* from Plaintiff's through my own research, I maintain my position as presented in *Howard* and hold once again that the ADA requires pre-suit notice.  Defendant's motion to dismiss, Doc. 5, is GRANTED.

Dated:  November 27, 2012

/s/ John L. Kane
SENIOR U.S. DISTRICT JUDGE