UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 12-cv-1497-JLK

**ELVA RAY LILLARD** on behalf of himself and all others similarly situated,

    Plaintiff,

v.

**SUNFLOWER FARMERS MARKET, INC.**

    Defendant.

---
ORDER DENYING MOTION FOR INDICATIVE RULING
---

Kane, J.

Mr. Elva Lillard, the plaintiff in a closed employment discrimination case, moves for an Indicative Ruling, Doc. 17. Mr. Lillard filed a complaint on June 11, 2012, on behalf of himself and all others similarly situated, alleging that Sunflower Markets ("Sunflower") violated the Americans with Disabilities Act, 42 U.S.C. Section 12181, *et seq.*, by not providing proper accommodations to mobility impaired/wheelchair-bound persons who patronize the grocery stores that Sunflower operates. Sunflower moved to dismiss for lack of subject matter jurisdiction on the ground that Mr. Lillard failed to give notice of the alleged violations to the Colorado Civil Rights Coalition ("CCRC") thirty days before filing his complaint as required by the ADA.

Mr. Lillard conceded that he gave no notice and urged me to read the applicable ADA provision as having no such notice requirement, which would have effectively overruled my decision in *Howard v. Cherry Hills Cutters*, 935 F.Supp. 1148, 1149 (D.Colo. 1996). Finding no binding authority contrary to *Howard* to have issued between

1

*Howard* and Sunflower's motion, I declined the invitation and once more held that the ADA requires a plaintiff to give notice of the alleged violation to the CCRC thirty days before filing suit.  On November 29, 2012 the District Court entered final judgment (the "Judgment") in favor of Sunflower and against Mr. Lillard.  Doc. 9.  Mr. Lillard timely appealed the Judgment to the Tenth Circuit.  Doc. 17 at ¶2.

On February 14, 2013, the Tenth Circuit Mediation Office, per 10th Cir.R.33.1, scheduled a mediation conference.  Doc. 17 at ¶3.  The parties' mediation with a designated Circuit Mediator resulted in the parties reaching a Settlement Agreement.  *Id*. at ¶¶ 3, 4.  The parties argue that their Settlement Agreement—not its substance, but its very being—is reason enough to vacate the dismissal order.   Realizing that I am divested of jurisdiction through the appeal of the final judgment, however, Mr. Lillard submits that I should issue an indicative ruling to the Tenth Circuit that, if the Tenth Circuit remanded the matter for consideration of an anticipated vacatur motion, I would grant such relief.[1]

I find the instant motion unavailing and severely bereft of coherent argument.  The short of it is that I view this Motion as asking me to participate in the Settlement Agreement that the parties agreed to during the course of Mr. Lillard's pending appeal.  Presumably the Settlement Agreement is contingent upon my vacating this matter's dismissal order.  Even if not, the parties do not connect the existence of a Settlement Agreement to an argument for vacatur in any logical way, save for a conclusory statement that "based upon the parties having reached a settlement agreement, balancing

---

[1] I find it curious that I am the target of this motion.  Why not move the Tenth Circuit for a remand order directing me to vacate?  I suspect the parties sense the weakness of their position and want to present an indicative ruling to the Tenth Circuit that endorses their desired end.

2

of the equities weighs in favor of vacating the Judgment," Doc. 17 at ¶8, and repeating the authority I rejected when Idecided the Motion to Dismiss, *id.* at ¶9. There has been no change in the law since the time of that Order and the only new offer of authority is by way of an amicus brief in a District of Colorado case against Taco Bell.

The United States Supreme Court has described *United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), as the "leading case on vacatur." *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship,* 513 U.S. 18, 22, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). In *Munsingwear,* the Court explained:

> The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss. That was said in *Duke Power Co. v. Greenwood County,* 299 U.S. 259, 267[ 57 S.Ct. 202, 81 L.Ed. 178] (1936) to be 'the duty of the appellate court.' That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary.

*Munsingwear,* 340 U.S. at 39-40, 71 S.Ct. 104. Crucially for this memorandum's purposes, the Court later clarified that vacatur of a lower court decision due to mootness is an equitable remedy, not an automatic right. In deciding whether to vacate a district court decision, a higher court must consider "the nature and character of the conditions which have caused the case to become moot." *U.S. Bancorp Mortgage,* 513 U.S. at 24, 115 S.Ct. 386 (quotations and citations omitted).

The "principle condition to which we have looked," the Court specified, "is whether the party seeking relief from the judgment below caused the mootness by voluntary action." *Id.* The Court continued:

> The reference to "happenstance" in *Munsingwear* must be understood as an allusion to this equitable tradition of vacatur. A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment. The same is true when mootness results from unilateral action of the party who prevailed below. Where mootness results from settlement, however, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice. The denial of vacatur is merely one application of the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks.

*Id.* at 25, 115 S.Ct. 386 (internal quotation and citations omitted).  Here, vacatur is not warranted because the parties voluntarily forfeited their legal remedies by choosing to settle. *McMurtry v. Aetna Life Ins. Co.,* 273 Fed.Appx. 758, 761 (10th Cir.2008) (holding that vacatur petitioned for by a party to a settlement agreement is

4

improper); *Oklahoma Radio Associates v. F.D.I.C.,* 3 F.3d 1436, 1439 (10th Cir.1993)("Settlements are, by definition, attributable to the parties and not happenstance. Accordingly, the combined teaching of *Munsingwear* and *Karcher* does not support a rule that would mandate vacatur of prior judgments (or opinions) following settlement on appeal. In light of the voluntary nature of settlements, the granting of such relief seems to be left to the court's discretion.")

      Plaintiff's Motion for Review, Doc. 17, is DENIED.


DATE:      July 31, 2013               BY THE COURT:

                                          *s/John L. Kane*
                                          John L. Kane, U.S. Senior District Judge